UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISAIAH DANIELS,
    Plaintiff,

vs.                                   Case No.: 3:23cv4038/MCR/ZCB

OFFICER ROASKE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's third amended complaint. (Doc. 31).[1] The Court is required to screen Plaintiff's third amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B) (governing IFP actions); 28 U.S.C. § 1915A (governing actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007)

---

[1] Although docketed as the "first amended complaint," it is in reality the third amended complaint. (*See* Docs. 29, 16, 1).

1

(recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the third amended complaint, the undersigned recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[2]

## I. Background

Plaintiff names as Defendants five employees of Santa Rosa Correctional Institution in their individual capacities: Officer Roaske, Captain Norris, two unidentified officer John Does, and one unidentified nurse Jane Doe. (Doc. 31 at 2-5). Plaintiff alleges that on February 15, 2021, at around 3:00-3:30 a.m., Defendants Roaske and John Does "committed excessive use of force" against him "[b]y punching . . . kneeing . . . and cho[]king" Plaintiff. (*Id.* at 8). Plaintiff also alleges Defendant Norris "act[ed] with deliberat[e] indifference" because before the alleged

---

[2] The Court previously provided Plaintiff with opportunities to amend after explaining to him deficiencies in his prior pleadings. (*See* Docs. 24, 30). Nonetheless, Plaintiff's amended complaint still fails to state a claim upon which relief could be granted. Thus, dismissal is warranted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

2

use of force occurred, Plaintiff "told Captain Norris of the situation at hand and he did not try to de[e]scalate the situation, nor did he try to get [Plaintiff] help due to [Plaintiff] stating [he] was go[ing] to kill [him]self." (*Id.*). Plaintiff then states he committed "self[-]harm by hanging [him]self." (*Id.*). And finally, Plaintiff alleges Defendant Nurse Jane Doe "acted with deliberate indifference because she knew [Plaintiff] committed self[-]harm" but she "[r]efused to put [Plaintiff] on observation" and "document [the] injuries that [he] suffered from the excessive use of force and self[-]harm." (*Id.*).

Plaintiff alleges Eighth Amendment excessive use of force claims against Defendants Roaske and John Does, a failure to protect claim against Defendant Norris, and deliberate indifference claims against Defendants Norris and Jane Doe. (*Id.* at 10). Plaintiff seeks compensatory and punitive damages as relief. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is

3

met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

4

### III.  Discussion

Plaintiff's mere half-page of brief, vague, and conclusory allegations are insufficient to plausibly allege a claim for relief against Defendants. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (holding that "[c]onclusory allegations and legal conclusions are not sufficient" to state a plausible claim for relief).  As the Supreme Court has made clear, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Yet that is all Plaintiff has provided in his third amended complaint.

With regard to Plaintiff's excessive force claim (despite the Court's prior guidance that Plaintiff should substantiate such allegations with facts indicating the injuries he suffered, *see* Doc. 30 at 11-13), Plaintiff's third amended complaint contains even less facts than Plaintiff's prior complaint.  His excessive force claim consists one sentence wherein Plaintiff claims he was punched, kneed, and choked.  Plaintiff includes no other factual detail about the alleged incident.  For example, he provides no information regarding the circumstances leading up to and

5

surrounding the alleged use of force. He does not even identify who did what to him—he refers to "(2) John Does" as being involved, but he has provided insufficient information regarding their identities. (Doc. 31 at 8). Additionally, Plaintiff has not described the extent of any injuries he suffered from the alleged use of force. *See Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (stating that to decide if excessive force was used a court looks to "the need for the application of force; the relationship between the need and the amount of force used; and the extent of the injury inflicted upon the prisoner"). Plaintiff's legal conclusion that Defendants used "excessive force" against him, without further factual allegations, is insufficient to plausibly state a claim for relief. *See McGowan v. Treasure Coast Forensic Treatment Ctr.*, No. 23-14173, 2023 WL 4295335, at *3 (S.D. Fla. June 29, 2023) (holding that an inmate's excessive force allegations were too "bare and conclusory" to state a claim when the inmate "provide[d] no details about the need for force and the amount of force used, the injuries he suffered, any efforts the officials made to temper their use of force, or his conduct which might have caused a security problem"); *see also Pribyl v. Unknown Fla. Dep't of Law Enf't Officers*, No. 4:18cv365, 2021 WL 1799426, at *5 (N.D Fla.

March 16, 2021) (holding that the "[p]laintiff's conclusory assertion" that he was "thrown to the floor," without further factual development, was "insufficient to support his excessive force claim").

The same is true for Plaintiff's alleged deliberate indifference and failure to protect claims. Again, despite the Court informing Plaintiff of the governing law concerning deliberate indifference involving both prison officials and medical personnel (*see* Doc. 30 at 6-11) and the law on failure to protect claims (*see id.* at 7-8), Plaintiff has included brief factual allegations that consist of little more than vague and conclusory statements that Defendants Norris and Nurse Jane Doe acted in violation of the Eighth Amendment.

Here, Plaintiff pleads insufficient facts concerning Defendant Nurse Jane Doe's subjective awareness that there was a "strong likelihood" that Plaintiff would commit self-harm. *See id.* Instead, Plaintiff merely alleges Defendant Nurse "knew" that Plaintiff committed a prior act of self-harm (although he does not plead factual content to substantiate such knowledge), yet "refused to put [him] on observation" and "document [his] injuries." Plaintiff does not allege, for example, that an additional act of self-harm was feasible in his

7

surroundings, nor information about his suicidal tendencies beyond one single instance of self-harm. Plaintiff includes virtually no allegations of the elements of his deliberate indifference claim; instead, he briefly and vaguely concludes that Defendant Nurse Jane Doe "acted with deliberate indifference." Such conclusions are ultimately insufficient to plausibly allege a deliberate indifference claim against her. *See Smith v. Owens*, 625 F. App'x 924, 927 (11th Cir. 2015) (affirming the dismissal of a deliberate indifference claim when the plaintiff's "conclusory allegations" were "insufficient to meet [the p]laintiff's burden of supporting his complaint with specific factual assertions"); *Leonard v. Dep't of Corr. Fla.*, 232 F. App'x 892, 895 (11th Cir. 2007) (affirming the dismissal of a deliberate indifference claim when the plaintiff "alleged no facts to support such indifference" and only "made some conclusory references to the defendants' deliberate indifference").

A prison official acts with deliberate indifference and violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (cleaned up); *see also Farmer v. Brennan*, 511 U.S. 825, 828

(1994). In other words, "[a] prison official may also be held liable for failing to prevent harm to a prisoner if he acted with deliberate indifference toward that prisoner's health and safety." *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021).

Here, again, Plaintiff does not sufficiently explain how Defendant Captain Norris acted with deliberate indifference toward Plaintiff's health or safety. Although Plaintiff alleges that he told Defendant Captain Norris that he planned to harm himself, Plaintiff has not sufficiently alleged that Defendant Norris "deliberate disregarded . . . a strong likelihood that the self-infliction of harm w[ould] occur." *See Moore*, 847 F. App'x at 697. Plaintiff pleads no further factual content about his interaction with Defendant Norris. Nor does Plaintiff plead facts that indicate Defendant Norris was in a position to protect Plaintiff or acted unreasonably. Because Plaintiff's allegations are conclusory and lacking in factual support, he has failed to state Eighth Amendment deliberate indifference and failure to protect claims against Defendants Norris. *See James v. Fla. Dep't of Corr.*, No. 4:19cv583, 2020 WL 1917778, at *3-4 (N.D. Fla. Mar. 18, 2020) (dismissing the inmate's failure to protect allegations as conclusory when the inmate failed to

allege facts sufficient to show that he was subject to a substantial risk of harm that caused his alleged injury); *see also Logan v. Johnson*, No. 3:13-cv-532, 2015 WL 667958, at *4 (M.D. Fla. Feb. 17, 2015) ("Conclusory, vague, and general allegations of failure to protect should be dismissed.").

And finally, despite being instructed on two occasions of the importance of identifying the Doe Defendants in this case in sufficient detail to permit service upon them (*see* Doc. 30 at 13-14; Doc. 24 at 8-10), Plaintiff's third amended complaint fails to describe the Doe Defendants in any additional detail. Plaintiff again merely labels the Doe Defendants as such, without any factual descriptions that would assist the Court in identifying who these Defendants are. Because fictious party pleading is not permitted in this Court, *see Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), Plaintiff's repeated failure to take steps to identify these Defendants renders dismissal of the claims against them appropriate. *See Wessinger v. Board of Regents of Univ. System of Ga.*, No. 1:06cv2626, 2007 WL 1430388 at * 1 (N.D. Ga. May 14, 2007) (dismissing the Doe defendant for fictious party pleading when the plaintiff did not "provide[] any description for the John Doe defendant").

10

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 9th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.